IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| Donna Bynum | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 04-CV-515-EA(c) |
| | ) | |
| Cavalry Portfolio Service,LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS MOTION TO COMPEL AS TO INTERROGATORIES PROPOUNDED TO CAVALRY and REQUEST FOR DOCUMENTS

Plaintiff, Donna Bynum, moves the Court for a motion to compel Cavalry Portfolio

Services, LLC ("CPS") and Cavalry, SPV I, LLC ("CSPVI"), Defendants herein (collectively

"Defendants"), pursuant to Fed.R.Civ.P. 37, to answer the following Interrogatories which the

Defendant, Cavalry, refused to answer when presented with the discovery request of the Plaintiff,

on the 19th day of November, 2004, by email and later by regular mail. Plaintiff's counsel has

discussed and extended the time for Defendant's counsel to supplement the discovery request

that were incomplete. With this motion to compel being limited to those interrogatories that

were objected to by Plaintiff's counsel and unanswered, Plaintiff reserves the right to expand the

Motion to Compel, if the supplemented answers of Defendants are inadequately answered.

BACKGROUND

The Plaintiff has brought her cause of action against the Defendants, Cavalry and

Cavalry's attorneys out of Oklahoma City for violations of the FDCPA. Because the FDCPA is

a strict liability statute and has limited defenses, bona fide error defense, set out within the

language of the statute, the operations and policies of the Defendants are very important to

determine if their actions correspond with their actions. Their actions are not only the actions of

their employees, but the way their computer is programmed to store and use information placed in the system. The Defendants have admitted in both their answer and discovery that violations have occurred against the Plaintiff. Based upon these admissions and in order to defend against the "empty head defense" (defense states that, I did not know *Plaintiff filed bankruptcy or I did not know I received a cease and desist letter or I did not know that I received a credit bureau report that disclosed bankruptcy,* therefore I did not mean to violate the FDCPA), the materially of the propounded question are immensely important to determine the facts. Likewise, the questions regarding financial information, are the beginning of a basis for the Plaintiff's attempt at imposing the highest penalty available, if the violations are as egregious as the Plaintiff believes they are.

The following are the interrogatories, answers and responses that the Plaintiff is asking for a compelling order:

**Interrogatory No. 3**: Please identify the department head(s) of your computer programming department and all persons working under him/her with their location and responsibility.

**Answer to Interrogatory No. 3**: Defendant objects to this Interrogatory for the reasons that the information sought is not directly relevant to any issue in controversy in this litigation, nor is the Interrogatory reasonably calculated to lead to the discovery of admissible evidence.

**Response to Objection 3**: The programmer of the Cavalry Collection System has the code and knowledge that is discoverable and would lead to evidence that is admissible that would show that the system as constructed by Cavalry or purchased by Cavalry knowingly has program code and procedures that create violations under the FDCPA or that may lead to a discovery of other violations under the FCRA and automatic stay and discharge in Bankruptcy

violations.  Plaintiff is entitled to discover this information and is relevant to this case.

**Interrogatory No. 9**:  State the name(s) and address(es) of Defendant's liability insurer(s) for the last three years and the dates of coverage, type, policy number(s) of each liability insurance policy.

**Answer to Interrogatory No. 9:**  Defendant objects to this Interrogatory in that the information sought is not directly relevant to any issue in controversy in this litigation, nor is the requested information reasonably calculated to lead to the discovery of admissible evidence.

**Response to Objection 9:**  All other violations that have been filed and claims made would be discoverable to determine Cavalry's knowledge of the systems built in or created violation and its attempt to correct them, if any.  This information would be discoverable to determine knowledge and intent.

**Interrogatory No. 10**:  Is Defendant affiliated with any other organization (e.g., common ownership, overlapping offices or managers or common facilities or employees)?  If so, describe the affiliation and identify the participants

**Answer to Interrogatory No. 10**: Defendant objects to this Interrogatory in that the information sought is not directly relevant to any issue in controversy in this litigation, nor is the requested information reasonably calculated to lead to the discovery of admissible evidence.

**Response to Objection 10:**  Cavalry disclosed that Cavalry Investment L.L.C. first purchased the Bynum account before selling to Cavalry PSVI and then to Cavalry Portfolio Services, L.L.C. and the back to Cavalry Investment L.L.C. This discloser in discoverable to determine the real party in interest.  The disclosure of the information is relevant under the discovery rules.

**Interrogatory No. 12**:  Please Identify and describe with particularity the gross

collections in dollars in 2003 for Cavalry Portfolio Services, L.L.C.?

**Answer to Interrogatory No. 12**: Defendant objects to this Interrogatory in that the information sought is not directly relevant to any issue in controversy in this litigation, nor is the requested information reasonably calculated to lead to the discovery of admissible evidence.

**Response to Objection 12:** The information in material to the determination of the appropriate punitive damages to be assessed in this matter.

**Interrogatory No. 13**:  Please Identify and describe with particularity  the gross collections in dollars in 2003 for Cavalry SPVI, L.L.C.?

**Answer to Interrogatory No. 13:** Defendant objects to this Interrogatory in that the information sought is not directly relevant to any issue in controversy in this litigation, nor is the requested information reasonably calculated to lead to the discovery of admissible evidence.

**Response to Objection 13:** The information in material to the determination of the appropriate punitive damages to be assessed in this matter.

**Interrogatory No. 17:** Please Identify and describe with particularity what percentage of purchased accounts does Cavalry estimate will have filed bankruptcy, that a first collection letter is sent be it is discovered?

**Answer to Interrogatory No. 17:**  Defendant objects to this Interrogatory in that the information sought is not directly relevant to any issue in controversy in this litigation, nor is the requested information reasonably calculated to lead to the discovery of admissible evidence.

**Response to Objection 17:**  It is believed that Cavalry has estimates establishing the percentage of letters  when sent out upon a newly purchased package of debtors will have already filed bankruptcy.  The question is material, especially in light of the question and facts before this Court in this case.

**Interrogatory No. 21**: Identify and describe each claim made under each liability insurance policy in the last two years, including the date of claim, claim number, the subject of the claim, the status of the claim, the resolution of the claim, and any amounts paid under each policy.

**Interrogatory No. 21**: Identify and describe each claim made under each liability insurance policy in the last two years, including the date of claim, claim number, the subject of the claim, the status of the claim, the resolution of the claim, and any amounts paid under each policy.

**Response to Objection 21**: All other violation that have been filed and claims made would be discoverable to determine Cavalry's knowledge of violation and its attempt to correct them, if any.

DOCUMENT PRODUCTION

**Request 1**: Please provide a directory of names and extension numbers of the New York corporate office, New York collection office and Tulsa, Oklahoma collection office.

**Answer to Request 1**: Defendant objects to this Request because the requested documents are not directly relevant to any issue in controversy in this litigation, nor is the request reasonably calculated to lead to the discovery of admissible evidence.

**Response to Objection 1**: Plaintiff has made the request to review the employee directory to determine if there are persons that would make discovery witness. This list of employees is material and could lead to admissible evidence, specifically when determining the application of the principals of collection of accounts verses the training manual that is taught.

**Request 14**: All material, including video and audio tapes, pertaining to training by or for the Defendant and its employees regarding the Fair Debt Collection Practices Act.

**Answer to Request 14**: Defendant objects to this Request because the requested documents are not directly relevant to any issue in controversy in this litigation, nor is the request reasonably calculated to lead to the discovery of admissible evidence.

**Response to Objection 14**:  Plaintiff has made the request for certain materials that are used to train the employee to determine, from all sources, the content of their training.  These material could lead to admissible evidence, specifically when determining the application of the principals of collections as taught  verses the training manual procedures that are set out therein.

**Request 16:**  Copies of any litigation filed against the Defendant alleging violations of the Fair Debt Collection Practices Act.

**Answer to Request 16**: Defendant objects to this Request for Production as being undefined and overly broad in scope. The records sought are necessarily matters of public record which the Plaintiff he can easily discover.

**Response to Objection  16**: Defendant has told us in his answer that he will let us search the public records  over these United States to find our requested records.  Under the Federal Rules we are not aware of any objections and believe that the request is properly made to determine the extent of Defendants knowledge of the continuing nature of the violations for punitive damages purposes.

**Request 18:**  All financial reports and statements to investors of the Defendant for the past two years.

**Answer to Request 18:**  Defendant objects to this Request because the requested documents are not directly relevant to any issue in controversy in this litigation, nor is the request reasonably calculated to lead to the discovery of admissible evidence.

**Response to Objection  18**: The financial reports and statements to investors of the

Defendant would two important things in this case. First, who the real party in interest is, which was put into issue from the response that Cavalry Investment L.L.C. was the original purchaser of the debt and is now the Owner of the debt after several assignments Secondly, the information is material in determining punitive damages.

**Request 19:** All income tax returns of the Defendant for the past two years.

**Answer to Request 19:** Defendant objects to this Request because the requested documents are not directly relevant to any issue in controversy in this litigation, nor is the request reasonably calculated to lead to the discovery of admissible evidence.

**Response to Objection 19:** The tax returns would should two important things in the case. First, who the real party in interest is, which was put into issue from the response that Cavalry Investment L.L.C. was the original purchaser of the debt and is now the Owner of the debt after several assignments. Secondly, the information is material in determining punitive damages.

**Request 2 thru 13 and 15:** Requested documents were not objected to and not provided.

**Answer to Request 2 thru 13 and 15:** "Defendant will produce"

**Response to Objection 2 thru 13 and 15:** To this date the documents have not been produced.

Respectfully submitted,

Bruce A. Spence OBA#16310
4143 East 31 Street
Tulsa. Oklahoma 74135-1514
Telephone (918) 582-3266
Facsimile (918) 522-3265
Attorney for Plaintiff

## DECLARATION OF MAILING

I, Bruce A. Spence, being first duly sworn, says that on the _10_ day of December,

I delivered and/or mailed by certified first class mail postage prepaid thereon a copy of the above

set out document to the following persons:

> James Vogt
> 120 North Robinson
> 2200 First National Center
> Oklahoma City, Oklahoma 73102
> Attorney for Defendants
> Benjamin Harris and Reynolds, Riding, Vogt and Harris

and

> Mark A. Craige
> 5310 East 31 Street, Ste. 1100
> Tulsa, Oklahoma 74135-5004
> Attorney for Defendant Cavalry

Bruce A. Spence