

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OKLAHOMA

F I L E D

JAN 1 2 2005

Phil Lombardi, Clerk
U.S. DISTRICT COURT

| | |
|---|---|
| **Donna Bynum** )<br>)<br>**Plaintiff,** )<br>)<br>Vs. )<br>)<br>**Cavalry Portfolio Service, LLC, et al.,** )<br>)<br>**Defendants.** ) | Case No. 04CV515EA(c) |

## MOTION FOR JUDGMENT ON THE PLEADINGS

Cavalry Portfolio Services, LLC and Cavalry, SPV I, LLC (collectively, "Cavalry") move this Court pursuant to Fed. R. Civ. P. 12(c) for entry of a judgment on the pleadings in its favor on the claims asserted in the Complaint filed herein on June 24, 2004, (the "Complaint") by Donna Bynum, the Plaintiff, "Bynum", allege and state as follows:

### I.   NATURE AND STAGE OF THE PROCEEDINGS

The Complaint herein was filed on June 24, 2004, (the "Complaint") by Donna Bynum, the Plaintiff, "Bynum." On September 26, 2004, Cavalry Portfolio Services, LLC ("CPS") and Cavalry, SPV I, LLC ("CSPVI") (collectively, "Cavalry") filed its Answer to the Complaint. On September 24, 2004, this Court granted Bynum's Motion to strike the First Claim for Relief alleged in the Complaint leaving only the claim for relief in the Second Claim for Relief pursuant to the Fair Debt Collections Practices Act, 15 U.S.C. § 1692a et seq. (the "FDCPA").

On October 18, 2004, Bynum moved this Court to strike the affirmative defenses of Cavalry arguing that the FDCPA precludes State law defenses (the "Motion to Strike"). Cavalry objected to the Motion to Strike and there has been no ruling upon the same.

## II. ARGUMENT

The Court should grant judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) in favor of Cavalry dismissing Bynum's claim for punitive damages because there is no legal basis for such damages under the FDCPA. It is apparent the majority of Bynum's case is an effort to obtain an award of punitive damages against Cavalry. Cavalry believes the law does not entitle Bynum to such a claim, but naturally, Bynum disagrees. This Court should rule on the claim for punitive damages so the parties may proceed with this case to trial on the valid legal claims and not waste time on discovery which has no real relevance.

The standard for a Rule 12(c) motion is that the complaint should not be dismissed unless it is clearly apparent the Plaintiff can prove no set of facts to support the complaint. *Ashland Oil, Inc. v. Arnett*, 656 F.Supp. 950 (D.C.Ind.1987).

A ruling on Bynum's claim for punitive damages may be viewed as partial relief. Such relief is appropriate under Rule 12(c). That the rule governing procedure as to summary judgment sanctions partial judgment on separate claims operates to suggest that a partial judgment on the pleadings is a procedural option open to the Federal Courts when considered in the context of the policy in favor of the expeditious disposition of matters when there are no material facts in dispute. *Chi-Mil Corp. v. W.T. Grant Co.*, 70 F.R.D. 352 (D.C.Wis.1976) amended on other grounds 422 F.Supp. 46.

2

Judgment on the pleadings is appropriate in this case to narrow the issues and eliminate a claim which has no legal basis. "As numerous judicial opinions make clear, a Rule 12(c) motion is designed to provide a means of disposing of cases when the material facts are not in dispute between the parties and a judgment on the merits can be achieved by focusing on the content of the competing pleadings, exhibits thereto, matters incorporated by reference in the pleadings, whatever is central or integral to the claim for relief or defense, and any facts of which the District Court will take judicial notice." See *Wright & Miller*, 5C Fed. Prac. & Proc. Civ. 3d § 1367.

For purposes of this Motion and this Motion only, Cavalry assumes all of the facts alleged in the Complaint are true.

Bynum's remaining claim against Cavalry is asserted under the FDCPA. It is clear from the claims asserted in the Motion to Strike that Bynum is asserting no State law claims and indeed, no such claims are alleged in the Complaint. The Complaint seeks to recover four (4) items of monetary relief: Actual Damages, "additional" statutory Damages, Punitive Damages and Attorney's fees. Since there is no basis under the FDCPA to allow punitive damages in addition to the specifically authorized "additional" Damages, this Court should enter an order granting judgment to Cavalry on Bynum's claim for punitive damages.

The relevant statutory provision is 15 U.S.C. § 1692k(a) which states:

(a)     Amount of damages

Except as otherwise provided by this Section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of--

**(1)** any actual damage sustained by such person as a result of such failure;
**(2)(A)** in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

3

**(B)** in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and

**(3)** in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

This case is not a class action, thus Bynum's claims for monetary relief are limited to the following:

1. Actual damages under §1692k(a)(1);

2. "Additional" damages not to exceed $1,000.00 under §1692k(a)(2)(A); and,

3. Reasonable attorney fees under §1692k(a)(3),

(these three claims are collectively referred to as the "Authorized Claims".) There is no provision for the entry of a judgment under the FDCPA for any claim for punitive damages in Authorized Claims.

All of the reported cases reviewed by Cavalry support this argument. For example, *In re Trans Union Corp. Privacy Litigation*, 211 F.R.D. 328, 341 - 342 (N.D.Ill.,2002) holds:

> The statutory scheme clearly contemplates that actual damages are recoverable and that 'additional damages' may not exceed $1,000.00. 15 U.S.C. § 1692k(a)(2)(A). The only reasonable reading of 'additional,' considering the ordinary meaning of the term, is that 'additional damages' includes punitive damages and that discretionary statutory award is meant to preclude a separate award of punitive damages." *342 *Thomas v. Pierce, Hamilton, and Stern, Inc.*, 967 F.Supp. 507, 509 (N.D.Ga.1997).

In addition, *Boyce v. Attorney's Dispatch Service*, 1999 WL 33495605, 2 (S.D.Ohio) (S.D.Ohio,1999) states:

4

> The Plaintiffs are not entitled to recover punitive damages under the FDCPA. That statute expressly sets forth the types of relief that a plaintiff can recover, to wit: compensatory damages, statutory damages and costs, including reasonable attorney's fees. *See* 15 U.S.C. § 1692k. However, neither the FDCPA nor its legislative history (*see* Senate Report 95-382, reprinted in 1977 U.S.C.C.A.N. 1695) remotely suggests that a prevailing plaintiff can recover punitive damages for a violation of that statute. Indeed, courts have indicated that statutory damages are punitive in nature. *See Johnson v. Eaton*, 80 F.3d 148, 151-52 (5th Cir.1996) (characterizing statutory damages awarded pursuant to § 1692k(a)(2)(A) as "additional, punitive damages"); *Scott v. Universal Fidelity Corporation*, 1999 WL 160289 (N.D.Ill.1999) (describing statutory damages as a type of punitive damages). Since § 1692k(a)(2)(A) caps statutory damages at $1,000.00, an award of punitive damages, in addition to statutory damages, could cause this Court to exceed that cap. Finally, the only courts that have addressed the issue have concluded that punitive damages are not available under that statute. *Aronson v. Creditrust Corp.*, 7 F.Supp.2d 589 (W.D.Pa.1998); *Thomas v. Pierce, Hamilton and Stern, Inc.*, 967 F.Supp. 507 (N.D.Ga.1997).

See also, *Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C.*, 242 F.Supp.2d 273, 278 (S.D.N.Y.,2002), "The FDCPA does not allow for the award of punitive damages. See *Padilla v. Payco Gen. Am. Credits, Inc.*, 161 F.Supp.2d 264, 277 (S.D.N.Y.2001)."

There is simply no legal basis for Bynum's claims for punitive damages alleged in the Complaint. It is apparent from the voluminous discovery being propounded by Bynum that she intends to assert a claim for hundreds of thousands of dollars in punitive damages. The parties are expending substantial time and effort in discovery disputes, all of which are aimed (in the words of Bynum) at maximizing the amount of punitive damages. Since there is no legal basis for any such claim, this Court should end this incredible waste of time, money and judicial resources and enter a judgment finding that Bynum is not, as a matter of law, entitled to recover any punitive damage claim.

WHEREFORE, Cavalry respectfully requests that this Court grant its motion for judgment pursuant to Fed. R. Civ. P. 12(c) and dismiss Bynum's claims for punitive damages with prejudice. Cavalry also requests that the Court grant such other relief as is just and proper.

Respectfully Submitted,

Morrel, West, Saffa, Craige & Hicks, Inc.

Mark A. Craige, OBA No. 1992
James R. Hicks, OBA No. 11345
5310 East 31st Street, Suite 1100
Tulsa, Oklahoma 74135-5004
918.664.0800 Telephone Number
918.663.1383 Facsimile Number
e-mail: mark@law-office.com
         james@law-office.com

**Attorneys for Defendants Cavalry**

## Certificate Of Mailing

The undersigned states that on the ___ day of January, 2005, I caused to be mailed a true and correct copy of the foregoing instrument to the following parties via first class U.S. mail, with proper postage thereon fully prepaid:

Bruce A. Spence
Attorney at Law
4143 East 31st, Suite C
Tulsa, Oklahoma 74135-1514

James Vogt
Attorney at Law
2200 First National Center
120 North Robinson
Oklahoma City, Oklahoma 73102

/s/ Mark A. Craige

H:\MAC\aa\Cavalry\mot for judg on pleadings.doc