# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Donna Bynum, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 04- CV 515EA(C) |
| ) | |
| Cavalry Portfolio Services, L.L.C, ) | |
| As assigned to Cygnet-FMAC, ) | |
| Cavalry SPVI, L.L.C., Reynolds, Riding, ) | |
| Vogt and Morgan, and Benjamin Harris, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S, RRVM'S, MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S COUNTER MOTION FOR SUMMARY JUDGMENT

The Defendants, Reynolds, Riding, Vogt & Morgan (RRVM) and Benjamin Harris(Harris) have filed a Motion For Summary Judgment with brief admitting that RRVM and Harris did violate the FDCPA by mailing a letter to the Plaintiff after receiving a discharge in bankruptcy over two years after the discharge. RRVM and Harris motion is directed at the only affirmative defense provided by the FDCPA, the bona fide error defense,"Oh I did not know", defense. The Plaintiff, as part of its response, moves the Court for Summary Judgment on the question of liability of RRVM and Harris and for Summary Judgment on the bona fide error defense of RRVM and Harris.

The Plaintiff adds to and completes the undisputed facts:

### UNDISPUTED FACTS AS AMENDED BY PLAINTIFF

1. RRVM currently has 1400 open files for collections from Cavalry for three attorneys and two assistants.[1]

---

[1] Refer Defendants Motion for Summary Judgment, Affidavit Fred Morgan, Para. 7

2. RRVM has an oral agreement that Cavalry will not send accounts that have filed bankruptcy[2]. and RRVM has no written agreement as to procedures of RRVM before a letter is sent or suit filed[3].

3. RRVM admits that it made no independent investigation as to the validity of the account or that bankruptcy had or had not been filed before sending the letter or filing the law suit[4].

4. RRVM admits that some claims sent to RRVM to collect from Cavalry have filed bankruptcy before being sent to RRVM[5].

5. RRVM relies on Cavalry to determine if the account sent for collection has taken bankruptcy[6].

6. Plaintiff filed a Chapter 7 Bankruptcy Petition on November 29, 2000.[7]

7. Plaintiff was granted a discharge in her bankruptcy on February 27, 2001.[8]

8. Cygnet-FMAC was listed as a creditor in the Plaintiff's bankruptcy.[9]

9. Some time after Plaintiff received her discharge in bankruptcy, Cygnet-FMAC assigned its claim against the Plaintiff to Cavalry Portfolio Services. Date of Assignment 6/18/2003.[10]

10. On or about March 19, 2004, Cavalry mailed a letter to RRVM referring an account against Donna Bynum for collection. Included with the letter referring the claim for collection were documents supporting the claim which included two affidavits (both from Cavalry), a credit application on Plaintiff (with no date), a contract which is the basis of the debt(dated

---

[2] Refer Defendants Motion for Summary Judgment Affidavit Fred Morgan, Para. 8
[3] Refer Exhibit 1, Defendants Answer to Plaintiffs Interrogatories, Interrogatory 1 and Response 1
[4] Refer Exhibit 1, Defendants Answer to Plaintiffs Interrogatories, Interrogatory 2 and Response 2
[5] Refer Defendants Motion for Summary Judgment Affidavit Fred Morgan, Para. 8
[6] Ref Refer Defendants Motion for Summary Judgment, Affidavit Gino Archer of Cavalry and Refer Exhibit 1, Defendants Answer to Plaintiffs Interrogatories, Interrogatory 5 and Response 5
[7] Admitted by Defendant, refer Defendants Motion for Summary Judgment Para. 1
[8] Admitted by Defendant refer Defendants Motion for Summary Judgment Para. 2
[9] Admitted by Defendant refer Defendants Motion for Summary Judgment Para. 3
[10] Admitted by Defendant refer Defendants Motion for Summary Judgment Para. 4

11/27/96, a lien entry form(dated 11/27/96), a statement of account (prepared by Cavalry on 3/19/05) and a document display (with no date)[11]

11. On April 5, 2004, the Defendants mailed a letter to Bynum.[12]

12. Bynum did not respond to the letter as it had responded to the collection efforts of Calvary by informing the collector by phone that the debt was discharged in bankruptcy, by sending a letter to Cavalry explaining that the debt had been discharged in bankruptcy on July 24, 2003, by certified mail return receipt[13].

13. On May 20, 2004, Defendants filed a lawsuit in the District Court of Rogers County, Oklahoma, on behalf of Cavalry against Bynum[14].

14. On May 27, 2004, Defendants received an e-mail from Cavalry advising that Bynum had been discharged in bankruptcy on February 27, 2001[15].

15. RRVM through Harris contacted the process server and instructed him not to serve Bynum with the lawsuit. The process server did not serve Bynum[16].

16. A Dismissal with Prejudice was filed in the Rogers County action on June 10, 2004[17].

17. Neither Harris nor any employee of RRVM has ever talked to Bynum, either by telephone or in person[18].

18. RRVM has an agreement and understanding with Cavalry that Cavalry will not send claims to RRVM for collection if the debtor has filed bankruptcy[19].

---

[11] Admitted by Defendant refer Defendants Motion for Summary Judgment Para. 5, Refer Defendants exhibit 1-9 in their Motion for Summary Judgment
[12] Admitted by Defendant refer Defendants Motion for Summary Judgment Para. 6, Refer Defendants exhibit 10 in their Motion for Summary Judgment
[13] Admitted by Defendant refer Defendants Motion for Summary Judgment Para. 8, Defendants exhibit 11 in their Motion for Summary Judgment
[14] Refer Defendants exhibit 11 in their Motion for Summary Judgment
[15] Refer Defendants exhibit 12 in their Motion for Summary Judgment
[16] Refer Defendants exhibit 13 in their Motion for Summary Judgment
[17] Refer Defendants exhibit 14 in their Motion for Summary Judgment
[18] Refer Defendants Motion for Summary Judgment Affidavit Benjamin Harris, Para. 9

19. RRVM admits that the agreement with Cavalry as to not to send collection cases that have filed bankruptcy has failed.[20]

20. RRVM has policies and procedures in place for the handling of consumer claims[21]. This fact is disputed by the Plaintiff; <u>no procedure has been provided the Plaintiff in discovery</u>.[22]

21. RRVM has access and use of public records and Accurint for determining information concerning collection accounts[23].

## **RESPONSE ARGUMENT AS TO RRVM'S MOTION FOR SUMMARY JUDGMENT**

Under Rule 56 of the Federal Rules of Civil Procedure, when the pleadings, depositions, answer to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact, the moving party shall be entitled to a judgment as a matter of law. The Defendants RRVM and Harris admit in their Motion for Summary Judgment they have violated the strict liability statute of the FDCPA by a minimum of mailing a letter to Ms. Bynum after her discharge in bankruptcy. They have further stated that the case against RRVM and Harris can be boiled down to essentially a single issue of, is the affirmative defense of bona fide error sufficient to relief RRVM of liability of its violation of the FDCPA.

For the bona fide error defense to prevail on a motion for summary judgment, RRVM must prove that the violations were (1) unintentional, (2) a bona fide error, (3) were made despite the maintenance of procedures reasonably adapted to avoid the violation.

---

[19] Refer Defendants Motion for Summary Judgment Affidavit Fred Morgan, Para. 7
[20] Refer Defendants Motion for Summary Judgment Affidavit Fred Morgan, Para. 9
[21] Refer Defendants Motion for Summary Judgment Affidavit Fred Morgan, Para. 9
[22] Refer attached exhibit 2, Defendants Answer to Request for production of Documents Request 1 and Answer 1.
[23] Refer Exhibit 1, Defendants Answer to Plaintiffs Interrogatories, Interrogatory 4 and Response 4

What makes a violation intentional is based upon whether the violation is a simple intent to act or whether it is a specific intent to violate the Act. The Plaintiff could not find any Tenth Circuit cases that addressed the definition under the FDCPA.

In *Jenkins v Heintz*, 124F.3d 824(7th Cir.1997), a legal mistake can qualify as a bona fide error under the FDCPA, but section 1692k(c) requires the debt collector to prove that the violation was not intentional. The bona fide error provision of the TILA and the FDCPA are virtually the same. TILA also requires proof that the violation was not intentional. In *Haynes v. Logan Furniture Mart, Inc* 503 F.2d 1161(7th Cir. 1974), the court said that the relevant intent was the defendant's intent to commit the act that was the violation of the TILA, not the intent to commit a violation of the statute. Whenever the act is found to be a violation of the TILA it is deliberate, the bona fide error defense would not therefore be available. RRVM and Harris intended to send the letter and filed the suit, and did so after the Plaintiff had received her discharge in February 2001. Further, both of these Defendants committed the admitted violations intentionally, by not only violating the discharge in bankruptcy, but violating sections 1692e(3) and (10). There is no statement showing the error being committed by the law firm and rightfully so, because there was no error.   RRVM states that they did not know of the bankruptcy, and that some how is a bona fide error. Clearly, RRVM has failed to meet a very clear standard of professional conduct that is before them every day of their practice and have failed to provide a procedure within their daily practice procedures of representing creditors against debtors.

Here, RRVM goes beyond the simple intent to send the letter to a discharged debtor by failing to meet his responsibility to make a responsible professional judgment that a legally collectable debt is outstanding. Under the case of *Boyd v Wexler*, 275 F.3d 642 (7th Cir. 2001),

Boyd brought an action against the Law Firm of Wexler and Wexler for sending a collection letter to the Plaintiffs without reviewing the information in a meaningful review. A meaningful review would be to verify the terms of the account, the payment history, the interest calculation, if responses were made to earlier collection efforts, and to determine if bankruptcy had been filed.

RRVM and Harris admit in the undisputed facts that they made no independent review of the information received and apparently did not ask for any additional information because none was received. The Wexler case, supra, establishes the duties of a lawyer when dealing with the final decisions on the way a case is presented to the debtor and court and the representations that lawyer is making by his presentation. Under the ABA Model Rules of Professional Conduct 5.3 (materially identical to the Oklahoma Rules of Professional Conduct 5.3) provide that the ultimate professional responsibility concerning the existence of a valid debt for collection and filing a law suit is reserved to the lawyer. The signature of the lawyer indicates that he has reviewed the information and has made an <u>independent opinion</u> that there is sufficient belief that a valid debt exist. The only information needed to prepare the letter to the Plaintiff was the name, address and the amount alleged to be due Cavalry. If an attorney had made an inquiry, these questions should be asked, why the extended time between the last payment and present suit, had there been any contacts, since it was a car loan what was the disposition of the car, was the sale of the car the last payment, has the statue of limitations run, did the Plaintiff file bankruptcy.

The FDCPA does not allow a law firm to "use any false, deceptive, or misleading representations or means in connection with the collection of any debt,"15 USC 1692(e) which includes subsection (3) "the false representation or implication that any individual is an attorney

or that any communication is from an attorney" and subsection (10) "use of any false representation or deception to collect or attempt to collect any debt".  There is no dispute that RRVM is a law firm and practices in Oklahoma and that the letter was sent by the lawyer Harris in the literal sense, but there remains the need for a degree of lawyer involvement that must be exhibited to truly consider the letter from the lawyer.  A lawyer that allows the collection agency to impersonate him by not meeting his responsibility of meaningful review of the file before proceeding is in violation of the Act.  *Crossley v Lieberman*, 868 F.2d 566 (3rd Cir. 1989) A debt collection letter conveys authority and creditability; *Avila v Rubin*, 84 F.3rd 222, (7th Cir. 1996) if the lawyer sends a collection letter that he has not reviewed, the letterhead falsely implies the lawyer reviewed the creditors claim; *Clomon v Jackson* 988 F.2d1314, (2d Cir.1993) An attorney's signature implies that he has formed a professional judgment about the debtor's case. Nielson anta, an attorney must have some professional involvement with the debtor's file if a delinquency letter sent under his name is not to be considered false and misleading in violation of section 1692e(3) and (10).

As lawyers we can not delegate our duties and responsibilities to others. This includes the client dictating to us the information that they provide and that the lawyer trust that information without a meaningful review of it.  The client, Cavalry, has no standard to uphold, beyond the collection of purchased accounts for profit.  The lawyer on the other hand has an obligation under the State in which he is licensed to practice to comply with all the rules and responsibilities set forth under those rules. In *Miller v Wollpoff & Abramson*, 2003 US App Lexis 3409, (2d. Cir. 2003) the court stated;

"it suffices for us to hold merely being told by a client that a debt is overdue is not enough.  In the case of *Nielson v Dickerson*, 307 F.3d 623,638 (7th Cir. 2002) the court said, the FDCPA was violated where the lawyer "knew

nothing about (the debtor) and her potential liability beyond what (the client) had conveyed to him; and (the client) provided the lawyer only the bare information that the lawyer required in order to complete the blanks in his form letter".

RRVM's and Harris's admissions that they did nothing beyond send the letter and file the suit proves the violation of the Act and that their actions were a total disregard for the rights of the Plaintiff and their professional responsibility under the Oklahoma Law.

RRVM and Harris have stated that they use public records and Accurint to locate information on debtors. They further admit that they did not do any independent information review or inquiry on the Bynum file and relied entirely on the efforts of Cavalry. This reliance was misplaced by RRVM in the Bynum case. From the undisputed facts, it also appears that the reliance on Cavalry has been misplaced in the past as well.[24] Approximately one percent of the open 14000 cases now open in RRVM's office had similar problems. Even if the numbers are less than 100 cases that RRVM has sent collection letters to debtors that have received discharges in bankruptcy, the fact remains that RRVM was put on notice that the reliance in Cavalry was inadequate, and the procedures that Cavalry alleges it has in place is defective and fails to meet the standard under the FDCPA . RRVM had at their disposal a very accurate an inexpensive data base to make a 6 second inquiry at a cost of $.25 to $.50 cents, less on a volume batch file, which they have stated that they have and use at their disposal[25]. RRVM could have asked for the documentation from Cavalry on Banko information, which they knew that Cavalry had, or a copy of the last credit bureau report that Cavalry pulled which Cavalry had pulled at least 5 different credit reports[26] of the Plaintiff before sending the file to RRVM, all showing the bankruptcy information. Many of these reports were before Cavalry had even purchased the

---

[24] See undisputed facts 19 and 20, Refer Defendants Motion for Summary Judgment Affidavit Fred Morgan, Para. 9 Refer Defendants Motion for Summary Judgment Affidavit Fred Morgan, Para. 9, Refer attached exhibit 2, Defendants Answer to Request for production of Documents Request 1 and Answer 1.
[25] Refer Exhibit 1, Defendants Answer to Plaintiffs Interrogatories, Interrogatory 3 and Response 3
[26] Refer Exhibit 3,  credit report of Donna Bynum,(pl ex 10) Refer Exhibit 4, Affidavit of Gino Archer (pl ex 33)

account in violation of FCRA[27]. The simple answer to both of these questions is the bankruptcy would have shown up on both reports. Attached are Accurint reports[28] run on February 10, 2005 by Plaintiff's Attorney, showing the Bankruptcy filed by the Plaintiff and a copy of the Plaintiff's credit bureau report[29] received and reviewed by Cavalry three days before they prepared affidavits as to the account and submitted the account to RRVM. RRVM failed to review the information provided by Cavalry and make the necessary inquiry and independent judgment as to the validity of the debt or to file suit on the same debt in violation of the FDCPA and such gross neglect of the professional responsibility is not an error.

RRVM makes the statement that they have policies and procedures in place to comply with the FDCPA. Assuming, for the sake of this point of argument, that in fact a procedure does exist, even though it has not been described to the Court or to the Plaintiff in its discovery request, RRVM and Harris did nothing to form an independent judgment as to this debt[30], they simply sent the letter and then filed suit against the Plaintiff. They did not check to see if the Plaintiff sent a payment direct to Cavalry, they did not check to see if the Plaintiff filed bankruptcy before filing suit. So even if they had a policy and procedure they did not follow it.

RRVM admittedly does not have a procedure for checking to see if Cavalry's referred accounts have filed bankruptcy because they rely on Cavalry[31]. In the affidavit of Fred Morgan, he advises that the members of the firm are experienced in collection matters and the FDCPA. An experienced lawyer would consider the risk of filing a suit or sending a collection letter to a

---

[27] Refer exhibit 3, Credit Report of Donna Bynum, Reports pulled February 2003, June 2003, August 28, 2003, , January 2004, March 16, 2004; refer exhibit 4, Affidavit of Gino Archer; Refer exhibit 5, Amended Affidavit of Gino Archer, Report of September 15, 2003

[28] Refer Exhibit 6, Accurint report, $.50 , Refer Exhibit 7, Accurint bankruptcy report $.25

[29] Refer Exhibit 5, Affidavit of Gino Archer, see credit report of March 16, 2004, and note Bankruptcy filing information.

[30] 15 USC 1681b

[31] Refer attached exhibit 2, Defendants Answer to Request for production of Documents Request 1 and Answer 1, Refer Defendants Motion for Summary Judgment Affidavit Benjamin Harris; note nothing is said as to any inquiry into the account for any outside sources.

debtor that has filed bankruptcy and would attempt to reduce that risk.  The reduction of that risk is done by a simple compliance with the FDCPA, the Rules of Professional Conduct and the state and federal statutes[32]. The cost of reducing the risk is $.25 to $.50 cents or less.    RRVM's Motion for Summary Judgment on the bona fide error defense should be denied, because RRVM and Harris have not proved as a matter of law that they qualify for the affirmative defense by showing a procedure that would qualify as applicable to the FDCPA.  Absences of showing of the procedure and how the procedure would preclude a violation, the bona fide error defense would not be applicable[33].

The Plaintiff would argue that the affirmative defense of a bona fide error is not available to the Defendants RRVM and Harris for the following reasons:

1. RRVM admits that they have no procedure that would preclude violations of the various collection violations, including the FDCPA.

2. RRVM has not provided any policies or procedures that provide a procedure for safe guarding against the various collection violations, including the FDCPA.

3 RRVM and Harris rely solely on information provided to them by the creditor, Cavalry, in violation of their own responsibility to make a meaningful independent professional judgment that the debt is owed.

4. RRVM and Harris admit that they have the resources and capacity to make at least a partial independent professional judgment that the debt is presently owed when they file a suit or write a demand letter.

---

[32] Model Rules of Professional Conduct 5.3, the Oklahoma Rules of Professional Conduct 5.3, Federal Rules of Civil Procedure, Rule 11, Oklahoma Statues 12 O.S. 2011
[33] 15 U.S.C. 1692k(c),

      5. RRVM and Harris admit that they don't make or did not make in the Bynum matter, a meaningful professional judgment prior to sending the Bynum collection letter or filing the Bynum suit.

      6.  RRVM and Harris admit that the only information received and used by them in the Bynum matter was the original contract, lien entry form, security agreement which were dated in 1976 and a summary date sheet and two affidavits from Cavalry, their client.

      As a matter of law the admissions of the undisputed facts as shown from the answer, interrogatories, admissions and affidavits of RRVM and Harris demonstrate that they have failed to establish a procedure that effects an good faith professional judgment as to the belief that the Plaintiff owed the debt at the time the letter was sent and the law suit filed.

      The Plaintiff's Motion for Summary should be sustained based upon the undisputed facts, RRVM's responses to Plaintiff's interrogatories, affidavits and admissions.

      The Plaintiff's Motion for Summary Judgment on RRVM's bona fide error defense should be sustained, in that RRVM and Harris have not shown a set of undisputed facts that would provided for an application of the bona fide error defense.

      Further, the admitted violation of the FDCPA and its strict liability provisions and failure of the defendant to prove a plausible and bona fide error should render judgment in favor of the Plaintiff and against the defendant RRVM. RRVM's gross negligence and total disregard for the rights of the Plaintiff, total disregard for the ABA Model Rules of Professional Conduct 5.3, the Oklahoma Rules of Professional Conduct 5.3, Federal Rules of Civil Procedure, Rule 11, and the FDCPA, should not be disregarded by this Court.

                                     Respectfully submitted,

        s/ Bruce Spence

        _____

        Bruce A. Spence OBA#16310
        4143 East 31 Street
        Tulsa. Oklahoma 74135-1514
        Telephone (918) 582-3266
        Facsimile (918) 522-3265
        Attorney for Plaintiff

## CERTIFICATE OF SERVICE

☒    I, Bruce A. Spence, hereby certify that on February 11, 2005, I electronically transmitted the foregoing document and its attachment or exhibits to the Clerk of the Court using ECF Systems for filing and transmittal of a Notice of electronic filing to the following registrants:

    James Vogt
    Attorney for Defendants
    Benjamin Harris and Reynolds, Riding, Vogt and Harris

    and

    Mark A. Craige
    Attorney for Defendant Cavalry

☐    I, Bruce A. Spence, hereby certify that on February 11, 2005, I served the foregoing document and its attachment or exhibits by first class mail postage prepaid, to the following:

        s/ Bruce Spence