# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DONNA BYNUM,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 04-CV-0515-CVE-PJC** |
| ) | |
| **CALVARY PORTFOLIO SERVICES, L.L.C.,** ) | |
| **as assigned to CYGNET-FMAC,** ) | |
| **CALVARY SPVI, L.L.C., REYNOLDS,** ) | |
| **RIDINGS, VOGT, AND MORGAN, and** ) | |
| **BENJAMIN HARRIS,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Now before the Court is the Motion for Judgment on the Pleadings filed by defendants Calvary Portfolio Services, L.L.C. and Calvary, SPV I, L.L.C. ("Calvary") (Dkt. # 54.).  Plaintiff brought this action pursuant to the Fair Debt Collection Practices Act ("FDCPA" or "the Act"), 15 U.S.C. § 1692, et seq.  In her complaint, plaintiff requests punitive damages, in addition to the actual and statutory damages provided for in the statute.  Defendants filed this motion for judgment on the pleadings, contending that the FDCPA does not provide for punitive damages or damages beyond the remedies explicitly enumerated in the text of the Act.[1]

## I.

On a Rule 12(c) motion for judgment on the pleadings, a court accepts the well-pleaded allegations of the complaint as true and construes them in the light most favorable to the plaintiff. See, e.g., EEOC v. W.H. Braum, Inc., 347 F.3d 1192, 1195 (10th Cir. 2003); Ramirez v. Dep't of

---

[1]     Although the punitive damages issue might have more appropriately been the subject of a Rule 12(f) motion to strike, this Court believes it can be addressed as a Rule 12(c) motion for **partial** judgment on the pleadings.

Corrections, 222 F.3d 1238, 1240 (10th Cir. 2000).  A motion under Rule 12(c) is treated in the same way as a Rule 12(b)(6) motion for failure to state a claim on which relief can be granted.  See, e.g., Atlantic Richfield Co. v. Farm Credit Bank of Wichita, 226 F.3d 1138, 1160 (10th Cir. 2000).  "As with a Rule 12(b)(6) motion, a Rule 12(c) motion for judgment on the pleadings is properly granted only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief."  Society of Separationists v. Pleasant Grove City, No. 04-4136, 2005 WL 1799821, at *1 (10th Cir. Aug. 1, 2005); Deck v. Engineered Laminates, 349 F.3d 1253, 1256 (10th Cir. 2003).  For the purposes of this motion, defendants admit the factual allegations contained in plaintiff's complaint.

## II.

Defendants seek an order from this Court denying the availability of punitive damages to plaintiff in her suit under the FDCPA.  Plaintiff argues in response that since the statute is silent on the question of punitive damages, they are not prohibited, and the Court may award punitive damages as part of its federal common law authority.  She further submits that the damages provided under the FDCPA do not adequately vindicate the purposes of the Act and that a punitive damages award is necessary to punish and deter violations of the statute. The parties' dispute raises a legal question requiring an interpretation of the FDCPA's damages provision.

In interpreting a statute, the court begins with the plain language of the statute.  See, e.g., Consumer Product Safety Commission v. GTE Sylvania, 447 U.S. 102, 108 (1980) (referencing the "familiar canon of statutory construction" that "the starting point for interpreting a statute is the language of the statute itself");  Quarles v. United States ex rel. Bureau of Indian Affairs, 372 F.3d

1169, 1172 (10th Cir. 2004).  Generally, statutory language is to be interpreted according to the

common meaning of the terms employed.  NISH v. Rumsfeld, 348 F.3d 1263, 1268 (10th Cir. 2003).

If a statute's language  is unambiguous, the court's inquiry is at an end, and the plain meaning of

the statute controls.  See, e.g., Center for Legal Advocacy v. Hammons, 323 F.3d 1262, 12767 (10th

Cir. 2003); see also Quarles, 372 F.3d at 1172 ("When the statute's language is clear, only rarely

is that language not controlling.").  Courts may also look to the purpose and intent of a statute when

deciding what its terms mean.  Matthiesen v. Banc One Mortgage Corp., 173 F.3d 1242, 1245 (10th

Cir. 1999).  When a statute's language is ambiguous, a court may seek guidance by examining the

statute's legislative history.  See, e.g., In re Geneva Steel Co., 281 F.3d 1173, 1178 (10th Cir. 2002).

The damages provision of the FDCPA, 15 U.S.C. § 1692k, provides in relevant part:

Except as otherwise provided by this section, any debt collector who fails to comply
with any provision of this subchapter with respect to any person is liable to such
person in an amount equal to the sum of –

(1) any actual damage sustained by such person as a result of such failure;

(2)(A) in the case of an action by an individual such additional
damages as the court may allow, but not exceeding $1000; . . . and

(3) in the case of any successful action to enforce the foregoing liability, the
costs of the action, together with a reasonable attorney's fee as determined
by        the court. . . .

15 U.S.C. § 1692k(a)(1)-(3).  In determining the appropriate amount of damages, the court is to

consider, inter alia, the frequency and persistence of noncompliance by the debt collector, the nature

of such noncompliance, and the extent to which such noncompliance was intentional. 15 U.S.C. §

1692k(b)(1).

The language of section 1692k is clear, and resort to its legislative history is unnecessary.

See New Mexico Cattle Growers Ass'n. v. U.S. Fish & Wildlife Serv., 248 F.3d 1277, 1282 (10th

3

Cir. 2001) ("Where the language of the statute is plain, it is improper for this Court to consult legislative history in determining [C]ongressional intent."). Under the Act's plain language, the remedies provided under section 1692k constitute the extent of damages available to plaintiffs who succeed in establishing a violation of the Act. Section 1692k states that defendants who violate the FDCPA are liable "in an amount equal to the sum of" actual damages, additional statutory damages not to exceed $1000, and attorney's fees and costs. 15 U.S.C. § 1692k (a)(1)-(3). The word "sum," as commonly defined, means "the entire quantity, number, or substance, the whole, all," Funk & Wagnall's New Standard Dictionary of the English Language  (1946), or  "the whole amount, an existent total," Webster's Third New International Dictionary of the English Language (1981). The Court concludes that the terms of 1692k make clear that a defendant's total liability for violation of the FDCPA is encompassed  within section 1692k(a)(1)-(3) and that further liability, including punitive damages, is not permitted.

Accordingly, the Court declines plaintiff's invitation to read into the FDCPA a punitive damages remedy not articulated in the statute. Construing Congressional approval from statutory silence is a disfavored interpretive technique. See, e.g., NLRB v. Plasterers' Local Union No. 79, 404 U.S. 116, 129-30 (1971) ("The Court has frequently cautioned that it is at best treacherous to find in Congressional silence alone the adoption of a controlling rule of law.") (internal citation and quotation marks omitted); Mineral Resources Int'l v. U.S. Dep't of Health and Human Services, 53 F.3d 305, 308 (10th Cir. 1995) ("We are reluctant to infer new legislative provisions out of Congressional silence.") (internal citation and quotation marks omitted).  Moreover, to recognize the existence of an unwritten punitive damages remedy would be to disregard the well-developed damages regime established by Congress and to tread outside the province of the judicial office.

Likewise, the Court rejects plaintiff's claim that this Court must permit recovery of punitive damages in order to vindicate fully the purposes of the FDCPA. Congress passed the FDCPA in an attempt to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practice are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e); Johnson v. Riddle, 305 F.3d 1107, 1117 (10th Cir. 2002). Plaintiff argues that the Act's limit on additional statutory damages undercuts the express purposes of the FDCPA in a case like the instant case where, plaintiff claims, the alleged wrongdoer has a published collection return of $217,000,000 for the year 2004.

Though plaintiff's argument in this regard is not entirely lacking in merit, permitting recovery of unlimited punitive damages would eviscerate the $1000 limit Congress has seen fit to place upon additional statutory damages under section 1692k(a)(2)(A). See Thomas v. Hamilton & Stern, Inc., 967 F. Supp. 507, 512 (N.D. Ga. 1997) ("If unlimited punitive damages were allowed under the FDCPA, a statutory damage award of $1000 would be rendered superfluous and vestigial because an aggrieved consumer could simply 'end-around' the $1000 limit set by section 1692k(a)(2)(A) by seeking unlimited damages."). If this Court were to adopt plaintiff's view, it would violate a well-established principle of statutory interpretation, namely, that legislation should not be read in a way that makes extraneous any legislative provision. See, e.g., McCloy v. United States Dep't of Agriculture, 351 F.3d 447, 451 (10th Cir. 2003) ("[O]ne should avoid construing a statute so as to render statutory language superfluous."). If it is the case that the remedies provided under the FDCPA do not sufficiently punish wrongdoing, the appropriate body to address such a

deficiency is Congress, not this Court.  See Thompson, 967 F. Supp. at 511 ("Any grievance plaintiff has with the amount of the statutory damage award should be addressed to Congress.").

The Court concludes, therefore, that plaintiff may not recover damages, including punitive damages, above and beyond the statutory damages remedy provided under the FDCPA.  In so holding, the Court places itself within the mainstream of opinion among federal courts that have considered the issue.[2]  See, e.g., Randolph v. IMBS, Inc., 368 F.3d 726, 728 (7th Cir. 2004) (noting violations of the FDCPA generally lead to "small penalties and never to punitive damages"); Spicer v. Lenehan, No. Civ.A.3:03CV1810, 2004 WL 3112554, at *2 n.3 (D. Conn. Sept. 14, 2004) ("Punitive damages are not authorized under the FDCPA."); Sibersky v. Borah, Goldstein, Altschuler & Schwartz, 242 F. Supp. 2d 273, 278 n.2 (S.D.N.Y. 2002) ("The FDCPA does not allow for the award of punitive damages."); Boyce v. Attorney's Dispatch Service, No. C-39-94-347, 1999 WL 33495605, at *2 (S.D. Ohio April 27, 1999) ("[N]either the FDCPA nor its legislative history . . . remotely suggests that a prevailing plaintiff can recover punitive damages for a violation of the statute.") (internal citation omitted); Aronson v. Creditrust Corp., 7 F. Supp. 2d 589, 594 (W.D. Pa. 1998) (granting defendant's motion to strike plaintiff's request for punitive damages under the

---

[2]      Plaintiff submits one case, Wenstrom v. Platinum Recovery Solutions, Inc., No. CV 2001 5690, 2002 WL 32854641 (Idaho Dist. Ct.  Oct. 11, 2002), in support of her claim for punitive damages under the FDCPA. The plaintiff in Wenstrom, a state trial court case, brought claims under both the FDCPA and the Idaho Collection Agency Act ("ICAA"), which explicitly provides for the award of punitive damages, not to exceed $250,000.  Idaho St. § 6-1604.  Plaintiff sought leave to amend its complaint to include a claim for punitive damages, an addition permitted under Idaho law.  The court granted plaintiff's petition. Id. at *8.  It is not clear whether the court in Wenstrom was permitting a claim for punitive damages under both the state and federal statute, or just the state statute.  Further, the Wenstrom court's cursory analysis of the purposes of the FDCPA does not necessarily lead to the conclusion that the Act permits the imposition of punitive damages against defendants. The Wenstrom precedent is not persuasive.

FDCPA); <u>Thomas v. Pierce, Hamilton, and Stern, Inc.</u>, 967 F. Supp. 507, (N.D. Ga. 1997) (holding that punitive damages in excess of the statutory maximum of $1000 are not permitted under the FDCPA). To the extent that plaintiff seeks damages to punish defendants for their alleged violation of the FDCPA, she is limited to $1000, as prescribed by statute.  <u>See</u> <u>In re Trans Union Corp.</u> <u>Privacy Litig.</u>, 211 F.R.D. 328, 341 (N.D. Ill. 2002) ("The only reasonable reading of 'additional,' considering the ordinary meaning of the term, is that 'additional damages' includes punitive damages and that discretionary statutory award is meant to preclude a separate award of punitive damages.").

## III.

For the foregoing reasons, defendants' motion for judgment on the pleadings (Dkt. # 54) is hereby **granted** insofar as defendants are entitled to judgment on plaintiff's punitive damages claim.

**DATED** this 19th day of August, 2005.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT