UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONNA BYNUM, ) | |
| ) | |
|      **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 04-CV-515-CVE-PJC |
| ) | |
| CAVALRY PORTFOLIO SERVICES, L.L.C., ) | |
| as assigned to CYGNET-FMAC, ) | |
| CAVALRY SPVI, L.L.C., REYNOLDS, ) | |
| RIDINGS, VOGT, AND MORGAN, and ) | |
| BENJAMIN HARRIS, ) | |
| ) | |
|      **Defendants.** ) | |

## OPINION AND ORDER

Now before the Court is defendants' Joint Motion to Reconsider[1] Order Regarding Motion to Withdraw Reference of Motion for Contempt and All Related Proceedings (Dkt. # 119). Defendants seek amendment by the Court of its Opinion and Order (Dkt. # 14 in Case No. 05-CV-482), dated October 12, 2005. Specifically, defendants ask the Court to revisit its denial of their motion to withdraw the reference to the bankruptcy court of plaintiff's motion for contempt of that court's discharge order.

Federal statute provides for so-called "permissive withdrawal" of a reference to a bankruptcy court: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion, or on timely motion of any party, for cause shown." 28 U.S.C. §

---

[1] "The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.' Instead the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). Since defendant's motion was filed within ten days of the adverse judgment, the Court construes it as a Rule 59 motion.

157(d). Determining "cause" for the purposes of the permissive withdrawal statute is fact-intensive, and courts have identified a range of factors to be considered in determining the appropriateness of permissive withdrawal. See, e.g., In re Sevko, Inc., 143 B.R. 114, 117 (N.D. Ill. 1992) (listing factors, including: judicial economy, convenience, particular court's knowledge of the facts, promoting the uniformity and efficiency of bankruptcy administration, reduction of forum shopping and confusion, conservation of debtor and creditor resources, and whether the parties requested a jury trial). "While fostering the economic use of litigants' resources is a valid consideration when evaluating a request for permissive withdrawal of reference under [section] 157(d), it does not, by itself, constitute cause." In re Westmoreland Coal Co., 221 B.R. 512, 514 (D. Colo. 1998). Indeed, case law suggests that a more important consideration is whether the claim constitutes a core or noncore bankruptcy proceeding. Id. at 515 (citing In re Orion Pictures, Corp., 4 F.3d 1095, 1101 (2d Cir. 1993).

Nevertheless, the Court is mindful of the concerns raised by defendants, namely, the need to reduce the expenditure of resources by the parties in the course of appearing before two courts. Given the shared factual basis of plaintiff's claims, withdrawal of the contempt motion is not inappropriate under section 157(d). Accordingly, defendant's motion to withdraw plaintiff's motion for contempt is hereby **granted** and the Court's previous ruling with regard to defendant's motion to withdraw (Dkt. # 14 in Case No. 05-CV-482) is hereby **vacated** as to the contempt motion only.

**DATED** this 26th day of October, 2005.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT