# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONNA BYNUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 04-CV-0515-CVE-PJC |
| | ) |
| CAVALRY PORTFOLIO SERVICES, | ) |
| L.L.C., as assigned to Cygnet-FMAC, | ) |
| Cavalry SPVI, L.L.C., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court is the Motion for Judgment on the Pleadings (Dkt. # 124) filed by defendants Cavalry Portfolio Services, L.L.C. and Cavalry, SPV I, L.L.C. (hereinafter "Cavalry"). Cavalry seeks judgment on plaintiff Donna Bynum's claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, and the Oklahoma Consumer Protection Act ("OCPA"), Okla. Stat. tit. 15, §§ 751-764.1, and on her motion for contempt of a discharge order issued by the United States Bankruptcy Court for the Northern District of Oklahoma ("the bankruptcy court").[1] Cavalry moves for judgment pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

## I.

On a Rule 12(c) motion for judgment on the pleadings, a court accepts the well-pleaded allegations of the complaint as true and construes them in the light most favorable to the plaintiff. See, e.g., EEOC v. W.H. Braum, Inc., 347 F.3d 1192, 1195 (10th Cir. 2003); Ramirez v. Dep't of Corrections, 222 F.3d 1238, 1240 (10th Cir. 2000). A motion under Rule 12(c) is treated in the same

---

[1] Bynum also has pending before the Court a claim pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692o, which is not the subject of Cavalry's motion.

way as a Rule 12(b)(6) motion for failure to state a claim on which relief can be granted. See, e.g., Atlantic Richfield Co. v. Farm Credit Bank of Wichita, 226 F.3d 1138, 1160 (10th Cir. 2000). "As with a Rule 12(b)(6) motion, a Rule 12(c) motion for judgment on the pleadings is properly granted only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief." Society of Separationists v. Pleasant Grove City, No. 04-4136, 2005 WL 1799821, at *1 (10th Cir. Aug. 1, 2005); Deck v. Engineered Laminates, 349 F.3d 1253, 1256 (10th Cir. 2003).

## II.

Cavalry's arguments implicate the unusual procedural history of this case. The Court recites that history only as it is relevant to the motion. On February 27, 2001, the bankruptcy court issued to Bynum a discharge in bankruptcy pursuant to 11 U.S.C. § 727. Bynum filed her original complaint with this Court on June 24, 2004, alleging a violation by Cavalry of the bankruptcy court's discharge order and also raising a claim under the FDCPA . On September 23, 2004, Bynum filed a motion to strike request for relief (Dkt. # 20), asking that the fourth element of relief of the first cause of action in her complaint be stricken. That portion of her complaint reads: "4. That the Defendant be held in contempt of court." Plaintiff's Complaint (Dkt. #1). This Court granted that motion by Order dated September 24, 2004.

On April 19, 2005, at Bynum's request, the bankruptcy court reopened Bynum's case. In that court, Bynum, again, filed a motion for contempt of the bankruptcy court's discharge order. In that motion, she raised two additional claims, stating,

> Plaintiff further advises the Court that the Plaintiff has an unfilled [sic] claim under a state tort remedy, The Consumer Protection Act (15 OSA 751 et seq.), which the Plaintiff believes that this Court can take supplemental jurisdiction of the state tort cause of actions [sic] pursuant to 28 U.S.C. 1452. Additionally, Plaintiffs [sic] has

>an unfilled [sic] claim for alleged violation of the Fair Credit Reporting Act, which the Plaintiff believes that this Court can take supplemental jurisdiction [sic] pursuant to 15 U.S.C. 1452.

Plaintiff's Motion for Civil Contempt for Discharge Violation and Notice of Opportunity for Hearing (Bankruptcy Case 00-04535-R, Dkt. # 16).[2]

Cavalry filed a motion to withdraw the reference of Bynum's motion to the bankruptcy court. This Court granted Cavalry's motion to withdraw the reference of the three claims pending before the bankruptcy court, placing all of Bynum's claims before this Court. Cavalry now moves for judgment on Bynum's claim of contempt, as well as her claims under the OCPA and the FCRA. For the reasons set forth below, the Court denies Cavalry's motion as to Bynum's contempt claim and grants the motion as to Bynum's statutory claims.

### III.

Cavalry's motion for judgment on Bynum's contempt charge is based on the concept of fairness. Cavalry argues that Bynum, having unilaterally stricken her claim for contempt before this Court in September 2004, may not now pursue that claim.

It is unclear why Bynum chose to strike her original claim for contempt. Her response to Cavalry's motion for judgment states, "At a subsequent hearing on or about September 24th, 2004, the Plaintiff was apprized [sic] by the Magistrate that he was concerned about the jurisdiction of the District Court to hear the violation of the discharge claim as to the relief requested. In response to his concerns, the Plaintiff voluntarily dismissed the request for relief." Plaintiff's Response to

---

[2] The Court notes that the wording of Bynum's contempt motion, particularly the use of the phrase "unfilled claims," raises a question as to whether Bynum actually filed her statutory claims. The Court relies upon the assumption of both the bankruptcy court and the parties that plaintiff's motion for contempt does, in fact, raise two, additional statutory claims.

Cavalry's Motion for Judgment on the Pleadings (Dkt. # 126). As Cavalry points out, however, the parties did not appear before Magistrate Judge Cleary until January 13, 2005, well after September 24, 2004, when the magistrate judge held a hearing concerning a pending motion to compel. Whatever jurisdictional concerns the magistrate judge may have raised during that January 13 hearing could not possibly have been the catalyst for Bynum's decision to strike her contempt claim approximately five months earlier.

Cavalry argues that to permit Bynum to proceed now with the contempt claim she filed in the bankruptcy court would encourage forum shopping and result in fundamental unfairness. While the Court acknowledges the well-established policy against forum shopping in the federal courts, see In re Sorrells, 218 B.R. 580, 587-88 (B.A.P. 10th Cir. 1998), and fails to understand totally the logic behind Bynum's filing choices, it nevertheless denies Cavalry's request for judgment on Bynum's contempt claim. The Court's September 24, 2004 Order granting Bynum's motion to strike did not preclude the later refiling of that contempt claim. More importantly, the threat of prejudice to Cavalry is limited. All of plaintiff's claims flow from the same alleged course of conduct on the part of Cavalry. Allowing Bynum to proceed with her contempt claim will require only limited additional discovery, if any. The Court denies, therefore, Cavalry's motion for judgment on Bynum's claim for contempt. [3]

**IV.**

Cavalry moves for judgment on Bynum's claim under the FCRA on the ground that its functions as a collection agency do not fall within the coverage of the statute.

---

[3] Cavalry makes a similar argument with regard to plaintiff's statutory claims. In light of the Court's conclusions as to those claims on Rule 12(c) grounds, the Court need not address the fairness argument as to those claims.

4

The FCRA requires that every consumer reporting agency "maintain reasonable procedures" in the dissemination of consumer credit information. 15 U.S.C. § 1681e(a). The standards imposed by the FCRA apply only to "consumer reporting agencies," as that title is defined by statute:

> The term 'consumer reporting agency' means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f). Cavalry moves for judgment on Bynum's FCRA claim on the ground that it is not a consumer reporting agency within the definition of the statute.

Bynum offers no response to this argument, and her complaint includes no claim that Cavalry, which is, by all appearances, a debt collection agency, also acts as a consumer reporting agency. The allegations contained in her complaint relate exclusively to Cavalry's debt collection efforts against her and make no mention of any credit reporting activities on the part of Cavalry. The Court, therefore, grants Cavalry's motion for judgment on that ground. See Mitchell v. Surety Acceptance Corp., 838 F. Supp. 497, 500 (D. Colo. 1993) (granting motion for summary judgment against plaintiff when defendant was a debt collection, not credit reporting, agency).

## V.

Cavalry moves for judgment on Bynum's claim under the OCPA on the ground that she has failed to identify the manner in which Cavalry allegedly violated the statute.

The OCPA sets out thirty categories of potential violations of the statute. 15 Okla. Sta. § 753(A)(1)-(30). All of the violations relate, generally, to actions between potential buyers and sellers, rather than lenders and debtors. Having reviewed plaintiff's complaint in the light most favorable to her and the language of the OCPA, the Court finds no basis for a claim against Cavalry

under any of the potential violations listed in the statute.  The Court, accordingly, grants Cavalry's motion for judgment on the pleadings as to Bynum's OCPA claim.

**V.**

In light of the foregoing, Cavalry's motion for judgment on the pleadings (Dkt. # 124) is hereby **granted in part and denied in part**; it is granted as to Bynum's claims under the Fair Credit Reporting Act and the Oklahoma Consumer Protection Act; it is denied as to Bynum's motion for civil contempt against Cavalry for its alleged violation of the bankruptcy judge's discharge order.

**IT IS SO ORDERED** this 20th day of January, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

6