## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DONNA BYNUM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 04-CV-0515-CVE-PJC** |
| | ) | |
| **CAVALRY PORTFOLIO SERVICES, L.L.C.,** | ) | |
| **as assigned to Cygnet-FMAC, CAVALRY SPVI,** | ) | |
| **L.L.C., Reynolds, Riding, Vogt & Morgan,** | ) | |
| **and BENJAMIN HARRIS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Now before the Court is the motion in limine filed by plaintiff, Donna Bynum (Dkt. # 106).

Bynum has filed a claim against defendants Cavalry Portfolio Services, L.L.C. and Cavalry SPVI,

L.L.C. (collectively "Cavalry") for violation of the Fair Debt Collection Practices Act ("FDCPA"

or "the Act"), 15 U.S.C. §§ 1692-1692o.  The Court has fully set forth the underlying facts of this

case in its previous Opinions and Orders (Dkt. ## 110, 111, & 150) and does not recite them here.

## I.

Bynum moves, under Federal Rules of Evidence 401, 403, and 404, to exclude "intimations

as to plaintiff's character."  Cavalry responds that it does not intend to introduce such evidence in

a manner that would be violative of Rule 404's prohibition on the admission of character evidence

"for the purpose of proving action in conformity therewith on a particular occasion . . . ."  Fed. R.

Evid. 404(a).  It does, however, intend to introduce evidence of Bynum's psychological diagnosis

along with evidence related to the emotional distress Bynum alleges resulted from Cavalry's

collection activities.  Cavalry contends that Bynum has placed these matters at issue by alleging

damages for emotional distress.  The Court agrees and denies Bynum's motion as to that evidence.

The Court nevertheless cautions Cavalry that such evidence is admissible only to the extent that it

is related to disproving the causal relationship between Cavalry's alleged violations of the Act and Bynum's emotional distress.

## II.

Bynum moves to prevent Cavalry from making claims that Bynum is a so-called "deadbeat" seeking the protection of the FDCPA.  Cavalry assures the Court that it does not intend to offer any such testimony.  Bynum's motion is, therefore, granted.

## III.

Bynum moves to prevent Cavalry from inquiring at trial into her motives in bringing this suit.  Bynum argues that Congress's intent to permit enforcement of the FDCPA through private enforcement actions validates her claims against Bynum and that any suggestion of improper motives would undermine Congressional intent.  Cavalry asserts that Bynum's motive is relevant to the determination of punitive damages.

Cavalry's argument is curious in light of its request (Dkt. # 54) that the Court determine, as a matter of law, that punitive damages are unavailable to a plaintiff suing under the FDCPA.  Upon review of 15 U.S.C. § 1692k, the provision governing remedies for violations of the Act, the Court held, in an Order dated August 19, 2005, that Bynum may not recover punitive damages above and beyond the statutory damages provided under the FDCPA.  Given this ruling, the relevance of Bynum's motives is unclear, and the Court, therefore, grants Bynum's request.  If, at trial, Cavalry can offer a credible explanation as to the relevance of such testimony, the Court may reconsider its ruling.

## IV.

Although Bynum's motion as to "other FDCPA claims" is not entirely clear, she appears to wish to preclude Cavalry from referencing Bynum's FDCPA claim against the law firm of Reynolds, Riding, Vogt, and Morgan ("RRVM").  Since the filing of Bynum's motion in limine, the Court has granted summary judgment in favor of RRVM, and that law firm is no longer a party to this case, and Bynum's claims against RRVM are not relevant to its action here.  Insofar as Bynum seeks to exclude mention of her FDCPA claim against RRVM, that request is granted.[1]

## V.

Bynum moves to exclude evidence relating to any other debt she has owed or whether she owes the debt involved in this case.  Insofar as Bynum seeks to preclude mention of any other, previous debts unrelated to this matter, that motion is granted.

At least passing reference to Bynum's original debt is inevitable in the course of establishing the discharge of that debt in bankruptcy and Cavalry's alleged violation of the injunction created by that discharge.  Therefore, the Court denies Bynum's motion to the extent she seeks to exclude the admission of all evidence relating to the underlying debt.  The Court advises Cavalry, however, that it should not attempt to make Bynum's original obligation to Cavalry the focus of this litigation.

## VI.

Bynum seeks to exclude evidence regarding her attorney's motives in pursuing this suit.  The award of attorney's fees is a matter for the Court to decide, after trial, and any reference to attorneys'

---

[1]    RRVM did file legal actions against Bynum on Cavalry's behalf, and those activities could conceivably come up during the trial.  The Court's ruling as to Bynum's FDCPA claim against RRVM should not be construed as a blanket prohibition against any mention of RRVM.

3

attempts to generate greater fees is irrelevant and impermissible during the trial. Bynum's motion as to that issue is granted.

## VII.

Bynum moves to exclude evidence relating to Cavalry's maintenance of policies and procedures geared towards avoiding violations of the FDCPA.[2] The relevance of this evidence is not in question, but Bynum moves to exclude it on the ground that Cavalry has not produced in discovery documentation of these procedures. She also challenges the contents of the manual Cavalry has apparently provided, noting that it is not a procedure manual, but a "training tool to educate the collector on areas of importance to Cavalry."

The Court denies Bynum's request for two reasons. First, the breadth of her request counsels in favor of denial prior to trial. Second, Bynum's motion seems to go to the weight to be accorded to the evidence in question, not the admissibility. Bynum has failed to provide a sufficient basis upon which to exclude evidence directly relevant to the question of Cavalry's entitlement to the bona fide error. Koch v. Koch Indus., Inc., 2 F. Supp. 2d 1385, 1388 (D. Kan. 1998) ("The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground."). To the extent that Bynum offers a sufficient reason at trial, the Court may consider its ruling as to certain evidence.

---

[2]     Bynum's motion also seeks to exclude such evidence on the part of RRVM. Since RRVM has been terminated from this case, that request is moot. For the same reason, Bynum's objection to the admission of expert witness testimony by RRVM and its employee, Benjamin Harris is moot.

**VIII.**

In limine rulings are, by nature, merely preliminary admissibility determinations, and the parties are not precluded from either renewing objections at trial or providing additional argument relating to the relevance of certain evidence.  <u>Id.</u> ("At trial, the court may alter its limine ruling based on developments at trial on its sound judicial discretion.").

**IT IS THEREFORE ORDERED** that plaintiff Donna Bynum's motion in limine (Dkt. # 106) is hereby **granted in part** and **denied in part** as provided herein.

**DATED** this 31st day of March, 2006.

_Claire V Eagn_

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT