**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DONNA BYNUM, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 04-CV-0515-CVE-PJC |
| ) | |
| CAVALRY PORTFOLIO SERVICES, L.L.C., ) | |
| as assigned to Cygnet-FMAC, CAVALRY SPVI, ) | |
| L.L.C., Reynolds, Riding, Vogt & Morgan, ) | |
| and BENJAMIN HARRIS, ) | |
| ) | |
| Defendants. ) | |

### OPINION AND ORDER

Now before the Court is the motion in limine (Dkt. # 99) filed by defendants Cavalry Portfolio Services, L.L.C. and Cavalry SPVI, L.L.C. (collectively "Cavalry"). The Court has fully set forth the underlying facts of this case in its previous Opinions and Orders (Dkt. ## 110,111, & 150 ) and does not recite them here. Cavalry seeks to limit plaintiff Donna Bynum's ability to introduce evidence relating to damages for lost wages, medical bills, pain and suffering and to exclude entirely any testimony from plaintiff's proposed expert witness, Dr. Michael Berkey. The basis of Cavalry's broad request is its claim that one of Bynum's witnessess, Dr. Michael Berkey, should be prohibited from offering testimony at trial and that his testimony is necessary to establish the causation element necessary to each form of damages. The Court begins, then with the admissibility of Dr. Berkey's testimony.

**I.**

Cavalry claims Dr. Berkey's report fails to comply with the requirements imposed by Rule 26(a)(2)(B) for individuals retained or specially employed to provide expert testimony. The Rule requires disclosure of an expert witness be accompanied by a written report prepared and signed by the witness. The report must also contain

> a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B). Dr. Berkey's report includes no listing of his qualifications, no information on his compensation for participation in this matter, and no discussion of other cases in which he has been involved.

It is not at all clear, however, that plaintiff intends to call Dr. Berkey as an expert witness in this matter. Her final witness list describes his "[e]xpected [t]estimony" as "[a]ll matters of personal knowledge of medical treatment of Plaintiff." Plaintiff's Final Witness List (Dkt. # 114), at 2.[1] A treating physician who has not been retained for the purpose of providing expert testimony, but nevertheless provides opinion testimony pursuant to Rule 702, 703, and 705, is a so-called "hybrid witness," Sullivan v. Glock, Inc., 175 F.R.D. 497, 500 (D. Md. 1997), who must be disclosed under Rule 26(a)(2)(A), but need not fulfill the multiple administrative tasks assigned to expert witnesses under Rule 26. "To the extent that the treating physician testifies only as to the care and treatment of his/her patient, the physician is not to be considered a specially retained expert . . . ." Wreath v. United States, 161 F.R.D. 448, 449 (D. Kan. 1995).

---

[1] Exhibit J to Cavalry's motion in limine, cited as the source of Cavalry's conclusion that plaintiff intends to call Dr. Berkey as an expert, is plaintiff's second amended exhibit list and contains no mention of Dr. Berkey. Exhibit G, submitted as part of Cavalry's motion in limine, is plaintiff's initial disclosure which lists Dr. Richard, not Michael, Berkey as a witness and identifies his testimony as "[a]ll matters of expert opinion that is relevant to the issues of the case."

2

That Dr. Berkey's report offers a statement of causation does not, alone, mean that he is an expert witness for the purposes of Rule 26. In the course of identifying illnesses and pursuing treatment, physicians often develop opinions as to the cause of a given ailment. The more appropriate inquiry, under the language of the Rule, is whether Dr. Berkey was retained or specially employed by Bynum to provide expert testimony. Cavalry has failed to convince the Court of this of this critical element and, therefore, denies Cavalry's request for exclusion on the basis that Dr. Berkey's report does not comply with the mandates of Rule 26(a)(2)(B).

Dr. Berkey's opinion testimony must nevertheless comply with the reliability requirements embodied in Rule 702, as expressed in <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579 (1993) and its progeny. Thus, the Court will honor Cavalry's request for a <u>Daubert</u> hearing to inquire into the admissibility of Dr. Berkey's opinions under Rule 702.

### III.

Cavalry also asks the Court to prohibit the introduction of any evidence relating to Bynum's claim for damages to compensate her for lost wages, medical costs, and pain and suffering. Bynum, Cavalry asserts, is unable to establish causation, since Dr. Berkey's testimony must be excluded, and her own testimony regarding her emotional state is not sufficient, standing alone, to establish causation.

The Court denies Cavalry's extremely broad request for two reasons. First, Cavalry has offered no legal support for the proposition that a plaintiff suing for damages under the FDCPA must provide expert testimony in order to establish causation and that, therefore, Dr. Berkey's exclusion is fatal to her claim for damages. Second, even assuming such a requirement existed, the Court has

not yet excluded Dr. Berkey's testimony, making any such exclusion of evidence relating to damages on that ground premature.

**IT IS THEREFORE ORDERED** that Cavalry's motion in limine (Dkt. # 99) is hereby **granted in part** and **denied in part**.  It is granted as to Cavalry's request for a Daubert hearing, but is denied in all other respects.

**DATED** this 31st day of March, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

4