UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Donna Bynum, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 04- CV- 515-CVE-PJC |
| ) | |
| Cavalry Portfolio Services, L.L.C., ) | BASE FILE |
| As assigned to Cygnet-FMAC, ) | |
| Cavalry SPVI, L.L.C., ) | |
| Defendants. ) | |

PLAINTIFFS MOTION TO RECONSIDER ORDER OF THE COURT AS TO A DAUBERT HEARING AS TO DR. MICHAEL BERKEY

Plaintiff Donna Bynum Moves the Court to reconsider the Order of March 31, 2006 as to the granting of the Daubert hearing (order doc #152 and ) as to Plaintiffs treating Physician Dr. Michael Berkey.  Plaintiff would inform the court that Dr. Michael Berkey was Plaintiffs treating Physician during the time when Defendant was harassing Plaintiff as to alleged debts that had been discharged.  (Refer attached Plaintiffs exhibit 39)  It is Plaintiffs Counsel understanding that shortly after May 2005, Dr.  Berkey retired from his local practice in Tulsa Oklahoma and moved to Florida.  At that time we were unsure of his new address and Omni Medical Group, St Johns Health Center Inc. Would not release his address or phone number.  We did acquire an address in May 2005 which we forwarded to The Defendants Counsel.  (Refer Attached exhibit A)  Defendants Counsel served notice of deposition of Dr.  Berkey but failed to subpoena him.  Plaintiffs were unable to contact him at that time and the deposition was canceled.  Through investigation we had recently located Dr.  Berkey living in Florida and contacted him as to the date of the Hearing for the Daubert inquiry.  He requested that he attend by Phone

or that we could take his deposition in Florida.  This was immediately released and requested of Defendants Counsel and they have replied and have refused to allowed the telephonic appearance of Dr. Berkey.  Further they have declined the offer to take Dr. Berkey's deposition. (Refer Attached exhibit A)

Plaintiffs Ask the Court to reconsider the Daubert hearing of as Set for May 4, 2005 for the following factors;

1. First, we must determine if Daubert and its progeny apply[1]. There is no new or novel scientific evidence that Dr. Berkey will present as he is a fact witnesses as to the treatment of the Plaintiff and the stress she was under during the time that the Defendant was harassing Plaintiff as to alleged debts that had been discharged.  (Refer Plaintiff exhibit 39)

2. Dr. Berkey is not retained as an expert to present evidence under 702, 703 and 705 of the federal rules of evidence, but as to the facts of Plaintiff treatment and care during the period of time that the Defendant was harassing Plaintiff as to alleged debts that had been discharged.

3. Finally, Plaintiff will be unable to persuade Dr. Berkey to attend the hearing in person as he is a resident of Florida an not located within the Oklahoma or the Court District and request the Court to allow a telephonic appearance of Dr. Berkey.  Defendant Object to the Telephonic appearance of Dr. Berkey.  For they "believe that credibility is a question

---

[1] *CHRISTIAN v. GRAY*, 2003 OK 10, 65 P.3d 591 (Okla 2003)

relevant to this matter." Yet refuse to take the deposition of Dr. Berkey now located in Florida.

ARGUMENT

In *CHRISTIAN v. GRAY*, 2003 OK 10, 65 P.3d 591 (Okla 2003) the Oklahoma supreme court pulls the Daubert test together in its discussion and use by its Courts as to Expert Testimony. Here we are not seeking Dr. Berkey as an expert but as to a treating Physician only.

In Christian the Court states;

"Professor Whinery has explained that § 2702 is "identical in substance" to Federal Rule 702, §§ 2703 and 2704 are identical to Rules 703 and 704, and § 2705 has slightly different language than that in Rule 705 but "[t]here is no indication that the Legislature intended a substantive change" by the modification. 1 L. Whinery, Evidence, at 238, 243, 247, 255. We have said that federal court decisions may be examined for persuasive value when they construe federal evidence rules with language substantially similar to that in our evidence statutes. *Willoughby v. Oklahoma* City, 1985 OK 64, 706 P.2d 883, 887. We thus turn to the discussion of Daubert."

"Daubert provided a list of factors for the trial judge to consider when determining the admissibility of evidence. They include: 1. Can the theory or technique be, or has it been, tested; 2. Has the theory or technique been subjected to peer review and publication; 3. Is there a "known or potential rate of [65 P.3d 597] error . . . and the existence and maintenance of standards controlling the technique's operation;" and 4. Is there widespread acceptance of the theory or technique within the relevant scientific community. Daubert, 509 U.S. at 593 - 594.9 The inquiry is a flexible one, and focuses on the evidentiary relevance and reliability underlying the proposed submission, and not on the conclusions they generate. Id. 509 U.S. at 595"

"The High Court has stated that a trial court must make a determination of the reliability of an expert's evidence when it is sufficiently challenged.
And where such testimony's factual basis, data, principles, methods, or their application are called sufficiently into question, . . . the trial judge must determine whether the testimony has "a reliable basis in the knowledge and experience of [the relevant] discipline."
*Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. at 149 , quoting, *Daubert,* 509 U.S. at 592

"After Kumho the court held that Daubert should be applied to all novel expert testimony. *Harris v. State*, 2000 OK CR 20, ¶¶ 8-9, 13 P.3d 489, 492-493, cert. denied, 532 U.S. 1025, 121 S.Ct. 1971, 149 L.Ed.2d 764 (2001). Then in Kumho the U.S. Supreme Court stated that when the **evidence is not novel a trial court may make that determination and avoid a prolonged Daubert inquiry**. The Court stated that a federal trial judge possesses the authority "needed both to avoid unnecessary 'reliability' proceedings in ordinary cases where the reliability of an expert's methods is properly taken for granted, and to require appropriate proceedings in the less usual or more complex cases where cause for questioning the expert's reliability arises." Kumho Tire Co., Ltd. v. Carmichael et al., 526 U.S. 137, 152, emphasis added.."

"In Kumho Tire Co., supra, the Court explained that a trial court has some latitude in applying the Daubert factors of reliability: "Thus, whether Daubert's specific factors are, or are not, reasonable measures of reliability in a particular case is a matter that the law grants the trial judge broad latitude to determine." Kumho, 526 U.S. at 153. Thus, the Daubert factors are not a rigid standard applicable in every case."

Here we are not looking at novel evidence, just the facts of the Plaintiffs stress and her treatment by her treating Physician. Defendant have not shown to this court that factual basis, data, principles, methods, or their application are called sufficiently into question, . . .

WHEREFORE Plaintiffs prays that the Court reconsider the Daubert hearing as the evidence is not novel and the trial court may make that determination and avoid a prolonged Daubert inquiry. In the alternative Plaintiffs pray that Dr. Berkey attend hearing by Telephone.

Respectfully submitted,

s/ Bruce Spence
Bruce A. Spence OBA#16310
1440 South Harvard Avenue
Tulsa, Oklahoma 74112
Telephone (918) 582-3266
Facsimile (918)582-3271

Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

☒ I, Bruce A. Spence, hereby certify that on December 4, 2005, I electronically transmitted the foregoing document and its attachment or exhibits to the Clerk of the Court using ECF Systems for filing and transmittal of a Notice of electronic filing to the following registrants:

Mark A. Craige
Attorney for Defendant Cavalry

☐ I, Bruce A. Spence, hereby certify that o n December 4, 2005, I served the foregoing document and its attachment or exhibits by first class mail postage prepaid, to the following:

s/ Bruce Spence