**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DONNA BYNUM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | Case No. 04-CV-0515-CVE-PJC |
| | ) | |
| **CAVALRY PORTFOLIO SERVICES, L.L.C.,** | ) | |
| as assigned to Cygnet-FMAC, **CAVALRY SPVI,** | ) | |
| **L.L.C.,** Reynolds, Riding, Vogt & Morgan, | ) | |
| and **BENJAMIN HARRIS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Now before the Court is Plaintiff's Motion to Reconsider Order of the Court (Dkt. # 156). Plaintiff, Donna Bynum, seeks reconsideration of the Court's Order (Dkt. # 154) setting this matter for <u>Daubert</u> hearing. Bynum desires that the Court reconsider the necessity of the <u>Daubert</u> hearing, since, she contends, Dr. Michael Berkey, whose opinions are at issue in this matter, is not an expert witness subject to Rules 702, 703, and 705 of the Federal Rules of Evidence and will not appear in person for the hearing. Defendants, Cavalry Portfolio Services, L.L.C. and Cavalry SPVI, L.L.C. (collectively "Cavalry") object. The Court denies Bynum's motion for the reasons set forth below.

First, Bynum's objection to the <u>Daubert</u> hearing is untimely. On July 1, 2005, Cavalry filed its motion in limine requesting, <u>inter alia</u>, that this Court schedule a <u>Daubert</u> hearing for the purposes of probing the reliability of Dr. Berkey's conclusions that Cavalry's collections activities caused Bynum's health problems, including symptoms of severe anxiety and depression, including crying, irritability, inability to sleep, fatigue, heart palpitations, chest pain, and shortness of breath, for which Dr. Berkey prescribed medication. Bynum submitted no response to that motion, and the Court granted Cavalry's motion for <u>Daubert</u> motion. Approximately one week before the scheduled hearing, Bynum has filed a motion, which is, as Cavalry correctly observes, an objection to

Cavalry's original request for a <u>Daubert</u> hearing. Bynum makes no attempt to explain why she did not properly respond to Cavalry's original motion and, for that reason alone, the Court could deny her request.

Even were the Court to overlook the tardiness of Bynum's objection to the <u>Daubert</u> hearing, it believes that she is incorrect about Dr. Berkey's status as an expert subject to Rules 702, 703, and 705 and the trial court's ability to schedule <u>Daubert</u> hearings when it deems appropriate. As to Bynum's first claim, Dr. Berkey developed his causation opinion that Bynum's health problems were "clearly related to attempts by a collection agency to obtain payments from Ms. Bynum in late 2004," Defendants' Motion in Limine (Dkt. # 99), Ex. I, Berkey Letter, as her treating physician, in the context of a doctor-patient relationship. Dr. Berkey is not a lay witness. He is a medical practitioner, whose "scientific, technical, or other specialized knowledge," Fed. R. Evid. 702, Bynum presumably intends to utilize to lend credence to her claims of causation. His conclusions are, therefore, subject to the reliability mandate outlined in <u>Daubert</u> and its progeny.

Moreover, Bynum is incorrect when she suggests that <u>Kumho Tire Co., LTD v. Carmichael</u>, 526 U.S. 137 (1999), restricted the use of <u>Daubert</u> hearings to "novel" expert testimony. The Supreme Court in <u>Kumho</u> observed that the law grants trial courts "broad latitude" in determining the necessity of formalized <u>Daubert</u> proceedings. <u>Id.</u> at 153. A court may exercise that authority to avoid unnecessary reliability proceedings in "ordinary cases where the reliability of an expert's methods is properly taken for granted." <u>Id.</u> at 152. The Court concludes that Cavalry has sufficiently identified "cause for questioning the expert's reliability," <u>id.</u>, and that a <u>Daubert</u> hearing is appropriate to evaluate the reliability of Dr. Berkey's conclusion that Bynum's physical illness was caused by Cavalry's activities.

**IT IS THEREFORE ORDERED** that plaintiff's motion to reconsider (Dkt. # 156) is hereby **denied** insofar as it seeks cancellation of the currently scheduled Daubert hearing, and this matter remains scheduled for Daubert hearing on **May 4, 2006** at **1:30 p.m.**  Bynum's motion is **granted** as to her request that the Court allow Dr. Berkey to appear by phone.  Bynum is directed to contact the courtroom deputy, Debbie Holland, at 918-699-4723, in order to make arrangements for Dr. Berkey's appearance by telephone.

**DATED** this 1st day of May, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT